# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1008

_____

Shirley L. Phelps-Roper; Megan Phelps-Roper

*Plaintiffs - Appellants*

v.

County of St. Charles, Missouri

*Defendant - Appellee*

------------------------------

City of Manchester, Missouri; St. Louis County Municipal League

*Amici on Behalf of Appellee(s)*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: March 11, 2015
Filed: April 7, 2015
[Unpublished]

_____

Before MURPHY and SHEPHERD, Circuit Judges, and BROOKS,[1] District
Judge.

_____

[1]The Honorable Timothy L. Brooks, United States District Judge for the
Western District of Arkansas, sitting by designation.

PER CURIAM.

Shirley Phelps-Roper and Megan Phelps-Roper brought this First and Fourteenth Amendment facial challenge to an ordinance adopted by St. Charles County to regulate the time and place of protest activities at funerals. Given the similarity between the ordinance here and the ordinance upheld in Phelps-Roper v. City of Manchester, the district court[2] entered summary judgment for the county. See 697 F.3d 678 (8th Cir. 2012) (en banc). The Phelps-Ropers appeal, and we affirm.

St. Charles County Ordinance 10-112 prohibits the picketing of a funeral "during the period from one hour prior to the commencement of any funeral through one hour following the cessation of any funeral." "Picketing a funeral" consists of "protest activities . . . within three hundred feet of the premises of a cemetery, mortuary, church or other place of worship or other location during, and which target, a funeral." In 2010 the Phelps-Ropers facially challenged the county's ordinance under the First and Fourteenth Amendments and Missouri's Religious Freedom Restoration Act.

The district court concluded based on our en banc opinion in Manchester that the ordinance was permissible under the First and Fourteenth Amendments, entered summary judgment for the county, and declined to exercise supplemental jurisdiction over the state law claim. In Manchester, we upheld a funeral protest ordinance that limited "when and where picketing and other protest activities may occur in relation to a funeral or burial service without regard for the speaker's viewpoint." 697 F.3d at 689.

_____

[2]The Honorable Audrey G. Fleissig, United States District Judge for the Eastern District of Missouri.

The Phelps-Ropers attempt to avoid Manchester by arguing that McCullen v. Coakley undermined our en banc opinion. See 134 S. Ct. 2518 (2014). McCullen did nothing to contradict the proposition that speech is still subject to reasonable restrictions where other interests are at stake. Cf. Frisby v. Schultz, 487 U.S. 474, 487 (1988). We stated in Manchester that preserving the peaceful character of funerals is one such interest. 697 F.3d at 692. The Phelps-Ropers also argue that the county ordinance is overbroad because its buffer zone is larger than the zone in Manchester. They speculate that a funeral held in a large public park might exclude protestors from its premises, but they present no evidence of any funerals held in the county at locations other than cemeteries, mortuaries, and places of worship. See Manchester, 697 F.3d at 685.

Turning to their Fourteenth Amendment claim, the Phelps-Ropers argue that the ordinance is vague regarding whether protest activities are allowed before or after a funeral. The ordinance clearly states, however, that a person may not engage in "picketing of a funeral during the period of one hour prior to the commencement of any funeral through one hour following the cessation of any funeral." The Phelps-Ropers also contend that the ordinance is vague because it does not define the term "protest activity," but the Supreme Court indicated in Hill v. Colorado that a person of ordinary intelligence would conclude an ordinance prohibiting protest activities bars a "public display of sentiment for or against a person or cause." See 530 U.S. 703, 721 (2000). Finally, the Phelps-Ropers assert that the ordinance is vague because they might not be able to learn when a funeral begins or ends, but this challenge fails because speculation about "vagueness in hypothetical situations not before the [c]ourt will not support a facial attack on a statute." Hill, 530 U.S. at 733.

For these reasons we affirm the judgment of the district court.

_____

-3-